### DAVIDSON v. DAVIDSON.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

1. STIPULATION—ACTION THEREON.
　　Where the defendant against whom judgment has been rendered in an action for divorce procures the withdrawal of a motion to punish him for contempt for failure to pay the alimony awarded, by stipulating to make specified future payments, which he thereafter fails to make, the plaintiff may maintain a new action upon the stipulation.

2. SAME—JUDGMENT ON PLEADING.
　　In such a case, if the answer admits the stipulation and default, the plaintiff is entitled to judgment on the pleadings, although the answer also sets up that, after defendant's default upon the stipulation, the plaintiff renewed the motion to punish for contempt, which was denied, for such renewal is not inconsistent with the stipulation.

Appeal from trial term, New York county.

Action by Augusta C. Davidson against George L. Davidson. From an order directing judgment on the pleadings, and from such judgment, defendant appeals. Affirmed.

The plaintiff had obtained, in 1869, a judgment for divorce against the defendant, with alimony, but for more than 24 years prior to April, 1895, when the amount unpaid amounted to $40,000, she made no effort to collect it. She then procured an order to show cause why defendant should not be punished for contempt, whereupon a stipulation was entered into, whereby, in consideration of the defendant's agreement to make certain specified future payments, the plaintiff agreed to withdraw the motion. The defendant having failed to live up to the stipulation, plaintiff renewed the contempt proceedings, which were dismissed on the ground of laches. Thereafter she brought this action upon the stipulation.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

C. M. Beattie, for appellant.

J. M. Perry, for respondent.

PER CURIAM. Judgment was properly directed upon the pleadings. The action was brought upon a stipulation and to recover amounts agreed to be paid, and was, therefore, upon a new contract. The consideration for that contract was the withholding of remedies to enforce the judgment referred to in the complaint. Nothing in the stipulation set up in the answer constituted a defense. It was agreed that the motion referred to in the stipulation should be withdrawn on certain conditions. It was withdrawn, and the conditions were not complied with. There was nothing in the stipulation that prevented a renewal of the motion to punish for contempt in case the payments were not made under the stipulation, but the defendant bound himself to the payments in view of the motion being withdrawn at the time at which it was withdrawn.

The order of the court below directing judgment was plainly correct, and the judgment should be affirmed, with costs.